UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Neal A. Cowe,

    Plaintiff,

v.

Jaynee A. Moormann, *et al.*,

    Defendants.

Civil Action No.
3:18-cv-49 (PGS) (LHG)

MEMORANDUM
AND ORDER

**SHERIDAN, U.S.D.J.**

  This matter comes before the Court on four motions.: (1) a motion for judgment on the pleadings filed by defendant High Point Property and Casualty Insurance Company, (ECF No. 48); (2) a motion to dismiss filed by defendant Estate of Jayne A. Moormann, (ECF No. 50); (3) a motion to modify discovery decision filed by plaintiff Neal Cowe, (ECF No. 54); and (4) a motion for summary judgment filed by Cowe, (ECF No. 56).

## FACTS

  On January 3, 2016, plaintiff alleges he became seriously ill while eating dinner with defendant Jayne A. Moormann in the parking lot of a fast food restaurant. (Amended Complaint (AC), ECF No. 55 at ¶ 7). While the two were eating their meals in Moormann's car, plaintiff alleges a foul odor from the vehicle's water pump and/or heating system emanated within the cabin. (*Id.* at ¶¶ 7, 8). The foul odor became so unbearable that the plaintiff began to cough and vomit, which induced an abdominal hernia. (*Id.* at ¶ 40). Later that evening, plaintiff was taken to

the emergency room at Raritan Bay Medical Center, where he received medical attention and was charged approximately $19,000. (*Id.* at ¶ 25).

Plaintiff alleges that defendant A&M Diagnostics Used Auto Sales was aware of the condition in the vehicle because they had previously replaced the water pump in the vehicle and failed to follow the manufacturer's instructions (*Id.* at ¶ 36). He claims the vehicle had a fuel injector leak, which was repaired by A&M. (*Id.* at ¶ 58). Sometime around the end of 2015, Moormann first detected the smell and brought her vehicle to A&M, but they "didn't have time to look at her vehicle." (*Id.* at ¶ 33). Plaintiff further alleges that an employee of A&M used perfume to mask the smell when Moormann arrived for a rescheduled appointment. (*Id.* at ¶¶ 34, 39).

Allegedly, Moormann's insurance carrier, Plymouth Rock Insurance, assured plaintiff that it would cover his emergency room expenses. (*Id.* at ¶¶ 24, 66). However, after investigating the matter, Plymouth concluded that Moormann's vehicle was not the cause of plaintiff's injury and closed his claims since there was a lack of causation. (*Id.* at ¶ 70).

Plaintiff allegedly incurred medical expenses of approximately $168,114. (*Id.* at ¶¶ 12, 47). As such, for the injuries he sustained, plaintiff demands $150 million in compensation. (*Id.* at ¶¶ 16, 28, 33, 39, 43, 49, 58, 70, 77).

## Legal Analysis

### Defendants' Motions

Defendant High Point seeks judgment on the pleadings under Rule 12(c). Defendant Estate of Moorman seeks to dismiss the complaint under Rule 12(b)(6). A prior motion to dismiss was granted dismissing all claims except negligence. Here, High Point and the Estate of Moormann seek the same relief. The prior decision gave plaintiff the right to amend the complaint. The amended complaint only has one count for negligence. As a result, both parties concede that the

motions were rendered moot by plaintiff's amended complaint. As such, defendants' motions are denied as moot.

## Discovery Motion

Plaintiff requests that this Court modify its prior denial of his discovery motion and order defendants to respond to plaintiff's discovery requests. The Magistrate Judge previously ordered that a discovery schedule would be set at the initial conference, (*See* ECF No. 35), which has not been scheduled because of the pending motions to dismiss (*See* ECF No. 40). On November 26, 2018, the Court denied a similar discovery motion as premature because of then-pending motions to dismiss. There is also no indication that the parties have met and conferred as required by Federal Rule of Civil Procedure 26(d)(1). Plaintiff's discovery motion is denied as the initial conferences should occur prior to discovery.

## Summary Judgment

Finally, plaintiff has filed a motion for summary judgment with an attached affidavit. Defendants A&M Auto Brokers, LLC, and Estate of Moormann have filed written oppositions. The motion is denied, as discovery is not complete, and it is not ripe for disposition.

## **ORDER**

The Court has considered the submissions of the parties and held oral argument on the matter on February 28, 2019. Accordingly, for the reasons stated herein, for the reasons stated on the record on February 28, 2019, and for good cause shown;

**IT IS** on this 3rd day of April, 2019;

**ORDERED** that defendant High Point Property and Casualty Insurance Company's motion to dismiss, (ECF No. 48), is denied as moot; and it is further

**ORDERED** that defendant Estate of Jayne A. Moormann's motion for judgment on the pleadings, (ECF No. 50), is denied as moot; and it is further

**ORDERED** that plaintiff's motion to modify the Court's discovery decision, (ECF No. 54), is denied; and it is further

**ORDERED** that plaintiff's motion for summary judgment, (ECF NO. 56), is denied.

/s/ Peter G. Sheridan
PETER G. SHERIDAN, U.S.D.J.