UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEAL A. COWE,<br><br>                  *Plaintiff*,<br><br>v.<br><br>MELISSA A. FRAZER, AS ADMINISTRATRIX OF THE ESTATE OF JAYNE A. MOORMANN; A&M DIAGNOSTICS USED AUTO SALES; A&M AUTO BROKERS, PLYMOUTH ROCK INSURANCE COMPANY; JILLIAN WAGNER (Individually)., HIGH POINT PROPERTY AND CASUALTY<br><br>                  *Defendants*. | Civil Action No.<br>3:18-cv-49 (PGS)(LHG)<br><br>**MEMORANDUM AND ORDER DENYING SUMMARY JUDGMENT AND OTHER RELIEF**<br>**(ECF No. 170, 171, 172, 174)** |

This case is before the Court on four motions for summary judgment filed by: (1) *pro se* Plaintiff (ECF No. 172); (2) defendants A&M, A&M Auto Brokers, LLC (seller of automobile and repair shop) (hereinafter A&M) (ECF No. 170); (3) Melissa A. Frazer (adminstratrix of estate of Jayne Moormann) (ECF No. 171) (hereinafter administratrix); and (4) defendants Plymouth Rock Insurance Company of New Jersey and Jillian Wagner (claims agent) (ECF No. 174) (hereinafter "Plymouth" and "Wagner").

1

## I.

On January 2, 2019, Cowe filed suit alleging he suffered injuries after an exposure to an odor emanating from Ms. Moorman's Dodge Caravan (vehicle). (ECF No. 1). Later in the litigation, Cowe changed his story to allege his injuries were from an odorless gas emanating from the vehicle. After Motions to Dismiss, an Amended Complaint was filed adding Ms. Melissa Frazer, (Administratrix of Ms. Moormann's Estate), A&M, High Point Property and Casualty, Plymouth Rock Assurance Company of New Jersey and Jill Wagner individually. (ECF No. 55). Mr. Cowe characterizes that his complaints against each defendant are based on negligence.

Cowe has flimsy proof to support his allegation of a toxic exposure to a harmful gas. For instance, Cowe has not provided proof: (a) of the identity of the gas emitted; (b) whether the gas was emitted from the vehicle; (c) whether the exposure to the gas was the proximate cause of his injuries; (d) whether the exposure was of a sufficient duration to cause the injuries; and (e) whether any defendant had notice that a gas was emitting from the vehicle, or that the gas could cause injury.

To determine the condition of the vehicle, on November 14, 2019, Judge Goodman ordered that the vehicle be inspected. (ECF Nos. 90 and 176-10). The order required that plaintiff and defense attorneys undertake to the inspection

simultaneously. (ECF No. 115 at 6). Despite the Order, Cowe did not attend the inspection, and he did not retain an expert.

On a subsequent motion (ECF No. 97). Judge Goodman found that an opportunity to inspect the vehicle occurred on November 26, 2019 and Cowe failed to inspect the vehicle, so he had forfeited his chance. (T12:8-10).

On May 16, 2022, Judge Goodman ordered plaintiff to produce an expert report by July 27, 2022, and, if produced, the defendant would produce answering expert reports, or alternatively, file dispositive motions by September 9, 2022. (ECF No. 169).

To date, plaintiff has not submitted an expert report conforming to the Rules of Evidence that causally connects the unknown odor or exposure to gas to the vehicle. As a result, defendants have not submitted any expert report because plaintiff has failed to meet his burden of proof.

In addition to the auto expert, Plaintiff must produce an expert report linking the gas emitted from the vehicle to Cowe's injuries.

Despite this lack of evidence outlined above within the exhibits submitted, there are several clinical reports that suggest Cowe's injuries were caused by exposure to carbon monoxide. For example, in the Progress Notes of Lisa P. Waller, M.D. of Middlesex Monmouth Gastroenterology, dated January 5, 2016 she wrote that Cowe

3

> presented with dizziness and abdominal pain found to have carbon monoxide poisoning. He states that his friend and him were eating at Checkers and eating in his car which was closed." (ECF 55-1 p.4)

There is also a report by Dr. Amor Mehta, M.D. of Neurology Center for Epilepsy and Seizures, dated November 4, 2020 wherein he states that in January 2016, "Cowe's bloodwork revealed elevated carboxyhemoglobin (2.7) and in 2016 Cowe suffered with persistent hand tremors after this CO poisoning." (ECF No. 171-7 p.4). In a subsequent report dated December 29, 2020, Dr. Gehta wrote:

> While not definitive that carbon monoxide poisoning directly contributed to the MRI abnormalities and the EEG abnormalities, it is within a reasonable degree of medical probability that carbon monoxide poisoning may have contributed to the development of this particular neurological disorder . . . It is within a reasonable degree of medical probability that carbon monoxide exposure contributed to the development of his epileptic syndrome and possible objective cognitive changes.
> (ECF No. 171-7 p.16-18).

These notes by the physicians infer that a relationship between the vehicle, the alleged exposure, and Cowe's injuries (hernia and epilepsy) may somehow be related.

Cowe is *pro se* and we treat his pleadings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). During oral argument on these motions, counsel for defendants justifiably sounded frustrated by the lack of proof, cooperation, and

courtesy of Cowe to demonstrate any cause of action. But since Cowe is pro se, and these physician references may causally connect the gas to his injury, Cowe should be granted some time to develop an expert report that meets the Rules of Evidence. Since Cowe is a frequent filer, and is not an unsophisticated litigator, a brief period of time (April 3, 2023) to produce expert reports causally connecting the alleged gas emitted from the vehicle to his injuries is granted. As such, the motions of Plaintiff and Defendant are denied.

## ORDER

**THIS MATTER** having come before the Court on the parties motions for summary judgment, (ECF Nos. 170, 171, 172, 174); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all the foregoing reasons,

**IT IS** on this 1st day of February, 2023,

**ORDERED** that plaintiffs' motion for summary judgment (ECF No. 172) is denied; and it is further;

**ORDERED** that defendant A&M's motion for summary judgment (ECF No. 170) is denied; and it is further;

**ORDERED** that defendant Frazer's motion for summary judgment (ECF No. 171) is denied; and it is further;

**ORDERED** that defendants Plymouth Rock Insurance Company of New Jersey and Jillian Wagner's motion for summary judgment (ECF No. 174) is denied; and it is further;

**ORDERED** that *pro se* plaintiff Neal A. Cowe must produce by April 3, 2023 expert reports that causally connect the gas to the vehicle, and the gas to his injuries; and it is further;

**ORDERED** that the case is administratively terminated until April 3, 2023 when the reports are produced, or the defendants' motions for summary judgment are filed.

_____
PETER G. SHERIDAN, U.S.D.J.